Juan Manuel **ARIANZA RODRIGUEZ;** et al., Petitioners,

v.

John **ASHCROFT,** Attorney General, Respondent.

No. 03–73090.

Agency Nos. A75–620–764 A75–620–765.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Michael S. Cabrera, Law Offices of Michael S. Cabrera, Huntington Park, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

MEMORANDUM **

Juan Manuel Arianza–Rodriguez and Alma Delia Cruz–Galvez, husband and wife, natives and citizens of Mexico, petition for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of their applications for cancellation of

removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo Petitioners' equal protection challenge. *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

Petitioners contend that their equal protection rights are violated because, under the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"), certain aliens from favored countries may qualify for relief by showing "extreme hardship" to themselves while Petitioners are required to show "exceptional and extremely unusual" hardship to a United States citizen or Legal Permanent Resident. *Compare* former 8 U.S.C. § 1254(a)(1) (repealed 1996) *with* 8 U.S.C. § 1229b(b)(D). This court has held broadly that Congress did not violate equal protection when it decided "to favor aliens from specific war-torn countries" by passing NACARA. *See Ram*, 243 F.3d at 517. Contrary to Petitioners' contention, this holding is not limited to NACARA's preferential treatment of specified immigrants in the narrow context of the stop-time rule. *See Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir.2002) (holding that, under *Ram*, it does not violate equal protection to require certain aliens to qualify for cancellation of removal by showing ten years of continuous presence while NACARA allows favored aliens to qualify for suspension of deportation by showing only seven years of continuous presence).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.